UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-329

HENRY L. MORROW,                                                    PLAINTIFF,

v.             **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on February 1, 2005, alleging disability beginning on September 23, 2004, due to "disc problems, arthritis [and] stomach acid" (Tr. 68).

This application was denied initially and on reconsideration.

On April 18, 2006, an administrative hearing was conducted by

Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At the hearing, Katherine Bradford, a vocational expert (hereinafter "VE"), appeared but did not testify.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On June 13, 2006, the ALJ issued his decision finding that Plaintiff was not disabled.    At Step 1 of the sequential analysis, the ALJ found that Plaintiff had

continued to engage in substantial gainful activity since the alleged onset date of disability (Tr. 15).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 1 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 15, 2008 (Tr. 5-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

3

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

  **B.** **Analysis of Plaintiff's Contention on Appeal**

  Plaintiff contends that the ALJ's improperly ceased the sequential evaluation at the firs step by finding that he had engaged in substantial gainful activity as a farmer.

  The pertinent inquiry in this case is whether Plaintiff "materially participate[d] in the production or the management of the production" on the farm. *See* 20 C.F.R. § 404.1575 (b)(2).

  Plaintiff testified that he and his wife own 40 acres of land which began as "part tobacco and part cattle." He further testified that, at the time of the hearing, they owned 40 cows and Plaintiff "check on them" about four days a week. Plaintiff's testimony regarding his role in the management of the property was

4

vague and, according to the ALJ, less than fully credible [Tr. 16]. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

Plaintiff makes much of the fact that he had no actual earnings in 2004 and 2005, and, as such, he cannot be considered as working, per se. However, that the farm failed to produced income is not determinative, as substantial gainful activity may include activity which does not earn a profit. *See* 20 C.F.R. § 404.1572(b). Further, work performed by a self-employed individual is not evaluated by income alone. *See* 20 C.F.R. § 404.1572(a)(2). Moreover, the record reveals that the farm generated gross receipts of $25,000 to $30,000 in 2005, due to sale of calves [Tr. 103].

Significantly, the tax returns of record identify Plaintiff as the proprietor of a cattle and vegetables farm [Tr. 98-134]. Also of note is a hospital admission document from September 2004 which cites Plaintiff's occupation as "farmer."

Based upon the record, the Court finds no error in the ALJ's finding that Plaintiff had engaged in substantial gainful activity after the alleged onset date of disability.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 16, 2009.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge